UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF DAVID TREHANE,
by the Special Administrator, Doris Guy,
JAYLA TREHANE, AUTUMN TREHANE,
and DAVID TREHANE, JR., a minor, by his
Guardian, Ahesha Mason,

        Plaintiffs,

vs.

LAKE GENEVA BOAT LINE, INC.,
MARKEL AMERICAN INSURANCE COMPANY
JOHN AND/OR JANE DOE, fictitious individuals
and JOHN DOE CORPORATION AND/OR
PARTNERSHIP, all whose true names are unknown,

        Defendants.

---

## COMPLAINT

---

NOW COME the above-named plaintiffs, Estate of David Trehane, by the Special Administrator, Doris Guy, Jayla Trehane, Autumn Trehane, and David Trehane, Jr., a minor, by his Guardian, Ahesha Mason, and through their attorneys, Emile Banks & Associates, LLC, by Emile H. Banks, Jr., and as and for their Complaint against the defendants, allege to the court as follows:

### JURISDICTION AND VENUE

1. The plaintiffs are each citizens of the State of Illinois, while the defendant, Lake Geneva Boat Line, Inc., is a citizen of Walworth County, Wisconsin, and the defendant, Markel American Insurance Company, is a citizen of the State of Virginia for purposes of federal court jurisdiction under 28 U.S.C. § 1332.

2. The plaintiffs believe in good faith that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

3. The incident at issue in this lawsuit involving defendant Lake Geneva Boat Line, Inc. occurred on Geneva Lake in the County of Walworth, State of Wisconsin, and The United States District Court for the Eastern District has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

**PARTIES**

4. Doris Guy is the Special Administrator of the Estate of David Trehane, and she is an adult resident of the State of Illinois, who resides at 12601 S. Elizabeth Street, Calumet Park, Illinois 60827. David Trehane was, until the time of his death on July 27, 2020, a resident of the City of Chicago, Cook County, Illinois.

5. Jayla Trehane, a child of David Trehane, is an adult resident of the State of Illinois who is currently residing at 850 W. Eastwood Avenue, Chicago, Illinois 60640.

6. Autumn Trehane, a child of David Trehane, is an adult resident of the State of Illinois who is currently residing at 1244 N. Campbell Avenue, Chicago, Illinois 60622.

7. David Trehane, Jr., a minor child of David Trehane, is a resident of Chicago, Illinois and is currently residing with his mother and Guardian, Ahesha Mason, at 3515 S. Cottage Grove Avenue, Apartment 506, Chicago, Illinois 60653.

8. That, upon information and belief, the defendant, Lake Geneva Boat Line, Inc., is a domestic corporation existing under the laws of the State of Wisconsin, whose principal address is 1144 Rolling Lane, Lake Geneva, Wisconsin 53147, and its registered agent is Kenton C. Martzke, at 1144 Rolling Lane, Lake Geneva, Wisconsin 53147, and is in the business of owning,

operating, repairing, and/or renting boats to individuals on Geneva Lake, located in Lake Geneva, Wisconsin.

9.  That the defendant, Markel American Insurance Company, is a foreign property and casualty company authorized and licensed to do business in Wisconsin, with a principal business address of 4521 Highwood Parkway, Glen Allen, Virginia 23060, and its registered agent is CT Corporation, which is located at 301 Bedford Street, Suite 1, Madison, Wisconsin 53703. That the defendant, Markel American Insurance Company, is engaged in the business of writing and selling liability insurance; that on information and belief, prior to the date of the wrongful death that is the subject of this lawsuit, July 27, 2020, Markel American Insurance Company issued a policy of insurance to Lake Geneva Boatline, Inc., their agents, servants and/or employees, for claims such as those hereafter set forth, and which policy of insurance was in full force and effect at the time of the incident described below; that in said contract of insurance, Markel American Insurance Company, reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that pursuant to Wis. Stat. § 807.12.

10. That John and/or Jane Doe, fictitious individuals, and John Doe Corporation and/or Partnership, all whose true names are unknown, are persons, partnerships, corporations, or unincorporated associations subject to a suit in common name whose names are unknown to the plaintiffs and who are, therefore, designated by fictitious names. That upon information and belief, the defendants John and Jane Doe are individuals whose names and addresses of residence are unknown but reside in Wisconsin. That upon information and belief, defendant John Doe Corporation and/or partnership is a corporation, the name and address of residence of which is unknown but believed to be in Wisconsin.

## GENERAL ALLEGATIONS

11. That, upon information and belief, on July 27, 2020, David Trehane was on a pontoon boat with family and friends that had been rented that day from the defendant, Lake Geneva Boat Line, Inc.

12. That, upon information and belief, the boat at issue was a 25-foot 2014 Misty Harbor pontoon bearing Wisconsin registration of WS7696JA.

13. That, upon information and belief, at approximately 5:05 p.m., while the boat at issue was stopped and the engine was turned off near pier 884, David Trehane, and two other individuals on the boat, went for a swim before ending the day.

14. That, upon information and belief, the boat began drifting and the three individuals attempted to swim back to the boat.

15. That, upon information and belief, as David Trehane was attempting to swim back to the boat, he began having difficulties in the water with breathing and made it known to the individuals on the boat that he needed assistance and the boat brought to him.

16. That, upon information and belief, in an effort to retrieve David Trehane from the water, Doris Guy, David Trehane's fiancée, attempted to start the boat.

17. That, upon information and belief, despite repeated attempts, the boat failed to start due to a mechanical problem with the boat's throttle.

18. That, upon information and belief, when the engine on the boat would not start, individuals that were on the boat attempted to throw David Trehane a wearable life jacket, but he was unable to retrieve it as the boat continued to drift away from the decedent.

19. That, upon information and belief, the throwable life preserver on the boat was in a closed seating compartment with other wearable life jackets at the time of the incident at issue,

and not made accessible to the individuals on the boat in direct violation of Wis. Admin. Code Department of Natural Resources NR § 5.13(3)(b).

20. That, as a result of the boat not starting, and drifting further away from David Trehane, David Trehane sank beneath the surface of the water and drowned. His body was located by a search and rescue dive team in the lake the following day.

21. That, upon information and belief, David Trehane's three children, the plaintiffs, Jayla Trehane, Autumn Trehane, and David Trehane, Jr., were also on the boat at the time of the incident and witnessed their father's tragic death.

## CLAIMS FOR RELIEF

### First Claim for Relief: Negligence

22. The plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations in Paragraphs 1 through 21.

23. On or about July 27, 2020, David Trehane was a customer on a boat owned, operated and rented out by defendant, Lake Geneva Boat Line, Inc.

24. That the defendant, Lake Geneva Boat Line, Inc., had a duty to inspect, maintain, and/or repair the boat, along with warn of hazards, and to provide appropriate accessible safety equipment, prior to renting it out to customers to prevent the customers from an unreasonable risk of injury.

25. At the same date, place and time described above, upon information and belief, the defendant, Lake Geneva Boat Line, Inc., negligently and wantonly failed to properly inspect, maintain, and/or repair the boat prior to renting it out, which led to the boat having mechanical issues while David Trehane was a customer using the boat. Additionally, at the same date, place and time described above, upon information and belief, the defendant, Lake Geneva Boat Line,

Inc., also failed to warn of potential hazards with the boat in such a manner as to render it safe for its customers, and failed to provide an accessible throwable life preserver on the boat in direct violation of Wis. Admin. Code Department of Natural Resources NR § 5.13(3)(b), and was otherwise negligent.

26. That, upon information and belief, by engaging in the conduct which is the subject of this lawsuit, the negligence of defendant, Lake Geneva Boat Line, Inc., created an unreasonable risk of injury to David Trehane, and, in doing so, caused the death of David Trehane.

27. That the negligence of the defendant, Lake Geneva Boatline, Inc, as alleged, was a cause of injury to and the death of David Trehane, including past pain, suffering, disability, emotional distress, and loss of enjoyment of life; past medical expenses; funeral and burial expenses; and other compensable injuries and damages; all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

28. That, the negligence of Lake Geneva Boat Line, Inc. directly and proximately caused severe conscious pain and suffering to David Trehane, along with other injuries.

29. That, the negligence of Lake Geneva Boat Line, Inc. directly and proximatly caused the Estate of David Trehane to sustain damages, including pecuniary damages, funeral and burial expenses, and other damages.

30. That, the negligence of Lake Geneva Boat Line, Inc. direclty and proximatly caused a loss of support and pecuniary loss to Jayla Trehane, daughter of David Trehane.

31. That, the negligence of Lake Geneva Boat Line, Inc. direclty and proximatly caused a loss of support and pecuniary loss to Autumn Trehane, daughter of David Trehane.

32. That, the negligence of Lake Geneva Boat Line, Inc. direclty and proximatly caused a loss of support and pecuniary loss to David Trehane, Jr., son of David Trehane.

33. That, by virtue of the insurance policy issued to Lake Geneva Boat Line, Inc. by Markel American Insurance Company, Markel American Insurance Company is liable for the negligence of Lake Geneva Boat Line, Inc. and the resulting injuries and damages to the plaintiffs in this matter.

34. That each of the defendants, John and/or Jane Doe, fictitious individuals, and John Doe Corporation and/or Partnership, all whose true names are unknown, may have negligently breached their duties to the plaintiffs and caused their damages by negligent maintenance or repair of the boat involved in the wrongful death of Michael Trehane.

## Second Claim For Relief:
## Violation Of A Safety Regulation

35. The plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations in Paragraphs 1 through 34.

36. On or about July 27, 2020, David Trehane was a customer on boat owned, operated and rented out by defendant, Lake Geneva Boat Line, Inc.

37. That, upon information and belief, the boat at issue was a 25-foot 2014 Misty Harbor pontoon bearing Wisconsin registration of WS7696JA.

38. That, upon information and belief, Wis. Admin. Code Department of Natural Resources NR § 5.13(3)(b) requires that a throwable personal flotation device be made immediately available on a boat that is of the size of the rental boat at issue.

39. That, upon information and belief, the throwable life preserver on the boat at issue was in a closed seating compartment with other life jackets at the time of the incident, and not made accessible to the individuals on the boat in direct violation of Wis. Admin. Code Department of Natural Resources NR § 5.13(3)(b).

### Third Claim For Relief:
### Negligent Infliction Of Severe
### Emotional Distress - *Bowen* Claim

40. The plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained within Paragraphs 1 through 39.

41. That the negligence of the defendant, Lake Geneva Boat Line, Inc., as alleged, was a cause of permanent injuries and damages suffered by the plaintiffs, Jayla Trehane, Autumn Trehane, and David Trehane, Jr., including severe emotional distress from witnessing the death of their father, David Trehane, and other compensable injuries and damages, all to their damage in an amount to be determined at a trial of this matter.

### Fourth Claim For Relief:
### Wrongful Death

42. The plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained within Paragraphs 1 through 41.

43. As a direct and proximate result of the negligence of defendant, Lake Geneva Boat Line, Inc., and the resulting death of David Trehane, the plaintiffs, Jayla Trehane, Autumn Trehane, and David Trehane, Jr., have suffered injuries and damages, including but not limited to, the loss of their father's society and companionship, along with other pecuniary losses, and other compensable injuries and damages, in an amount to be determined at a trial of this matter.

### Fifth Claim For Relief:
### Negligent Hiring, Training And Supervision

44. The plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations contained within Paragraphs 1 through 43,

45. That upon information and belief, the defendant Lake Geneva Boatline, Inc. was negligent in hiring, training and/or supervision of its employees, including, but not limited to, the

employee that provided instructions on operating the boat in question and what to do in the event of an emergency, including but not limited to what to do if the boat would not start and if someone is in distress in the lake and floating away from the boat while the boat is floating away and the boat will not start.

46. That upon information and belief, the defendant Lake Geneva Boatline, Inc., through an employee, was negligent in failing to properly train the renters of the boat on how to properly access safety equipment on the boat in the event of an emergency.

47. That upon information and believe, the defendant, Lake Geneva Boatline, Inc. was negligent in failing to train the operators and occupants of the boat on emergency procedures.

48. That as a result of the negligent hiring, training and supervision by the defendant, Lake Geneva Boatline, Inc., its employees committed one or more wrongful acts, including, but not limited to, those acts listed in paragraphs above.

49. That the negligent hiring, training and supervision of the defendant, Lake Geneva Boatline, Inc., as alleged, was a cause of injury to and the death of David Trehane, including past pain, suffering, disability, emotional distress, and loss of enjoyment of life; past medical expenses; funeral and burial expenses; and other compensable injuries and damages; all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

50. That as a result of the negligent hiring, training and supervision of the defendant, Lake Geneva Boatline, Inc, as alleged, and the injuries to their father, as alleged, the plaintiffs, Jayla Trehane, Autumn Trehane, and David Trehane, Jr., suffered the loss of their father's society and companionship; loss of household services; pecuniary damages; and other compensable injuries and damages; all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

51. That as a result of the negligent hiring, training and supervision of the defendant, Lake Geneva Boatline, Inc., as alleged, and the death of their father, as alleged, the plaintiffs, Jayla Trehane, Autumn Trehane, and David Trehane, Jr., suffered the loss of their father's society and companionship; loss of household services; pecuniary damages; and other compensable injuries and damages; all to the damage of the plaintiffs in an amount to be determined at a trial of this matter.

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

a. Compensatory damages in a monetary amount that is fair and reasonable;

b. The costs, disbursements and attorney's fees as provided by law; and

c. Whatever other relief the court may deem just and equitable.

**PLAINTIFFS HEREBY DEMAND A JURY TRIAL OF TWELVE (12) PERSONS.**

Dated this 26th day of July, 2022.

EMILE BANKS & ASSOCIATES, LLC
Attorneys for Plaintiffs, Estate of David Trehane, by the Special Administrator, Doris Guy, Jayla Trehane, Autumn Trehane, and David Trehane, Jr., a minor by his Guardian Ahesha Mason

*electronically signed Emile H. Banks, Jr.*
By: _____
EMILE H. BANKS, JR.
WI State Bar No. 1018890

POST OFFICE ADDRESS:
High Pointe, Suite 290
1200 North Mayfair Road
Milwaukee, WI 53226
(414) 777-0000